UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD SCHILLING,

Plaintiff,

v. Case No. 25-cv-1722-pp

DR. WILLIAM KELLEY, *et al.*,

Defendants.

---

**ORDER GRANTING DEFENDANTS KELLEY, MCCREEDY, SCHROEDER AND VANDERWAAL'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 64) AND SETTING CASE DEADLINES FOR PLAINTIFF'S REMAINING CLAIM**

---

Plaintiff Ronald Schilling, who is representing himself, was incarcerated when he filed this civil rights case in the United States District Court for the Western District of Wisconsin. Judge William Conley screened the plaintiff's amended complaint (Dkt. No. 20) and allowed him to proceed on Eighth Amendment deliberate indifference claims against the following defendants: (1) Dr. William Kelley and health service unit (HSU) Manager William McCreedy for allegedly failing to ensure that the plaintiff returned to Agnesian for his follow-up appointment after a venous ablation surgery that took place on April 4, 2018; (2) Dr. Kelley, Dr. George Carberry and Nurse Marjorie Weis for allegedly fabricating evidence to cover up the plaintiff's missed follow-up appointment; and (3) Officers Patrick Vanderwaal and Zacherie Schroeder for allegedly ignoring the plaintiff's request to go to the HSU after they saw him struggling to

walk in the days after his procedure.[1] Dkt. No. 27 at 5-6. On November 5, 2025, the case was transferred to the Eastern District of Wisconsin. Dkt. No. 51. Defendants Kelley, McCreedy, Schroeder and Vanderwall (the State Defendants) have filed a motion for summary judgment on exhaustion grounds. Dkt. No. 64. This order grants the State Defendants' motion and sets new deadlines for the parties to complete discovery and file motions for summary judgment on the merits of the plaintiff's remaining claim against defendants Carberry and Weis.

## I. Facts

The plaintiff was incarcerated at the Kettle Moraine Correctional Institution during the events described in the complaint. Dkt. No. 66 at ¶1. The plaintiff submitted one inmate complaint potentially related to his claims against the State Defendants: KMCI-2023-5872. Id. at ¶19.

On April 10, 2023, the plaintiff submitted an inmate complaint in which he said that the date of incident was "040418-current date" and described his one issue as, "The facility failed to conduct an ordered and scheduled medical follow-up examination, resulting in horrendous injuries and damages and near-death." Id. at ¶20; Dkt. No. 67-3 at 2. The inmate complaint was returned

---

[1] Judge Conley also allowed the plaintiff to proceed on medical care claims against "DOC Hispanic John Doe" for allegedly preventing the plaintiff from sleeping and taking away his coughing pillow while he was recovering from surgery and against Doe Dodge Corrections Officers for allegedly confiscating the plaintiff's pain medication when he arrived at Dodge. Dkt. No. 27 at 6. On March 5, 2026, this court dismissed defendants John Doe Hispanic DOC Employee and John Doe Correctional Institution Officers because the plaintiff had not identified them by the deadline the court had set. Dkt. No. 63.

to the plaintiff with instructions to try to resolve the issue by following the process in Wis. Admin. Code §DOC 310.07(1). Id. at 1.

The plaintiff resubmitted the inmate complaint, and it was accepted and designated as complaint number KMCI-2023-5872. Dkt. No. 67-2 at 6. The institution complaint examiner (ICE) rejected the complaint, stating:

> [The plaintiff] complains the facility failed to conduct an ordered and scheduled medical follow-up examination resulting in horrendous injuries and damages and near-death. This Examiner confirmed with [the plaintiff] that by "facility" he is referring to Kettle Moraine Correctional Institution. The inmate states this ICE is not something under the purview of the ICRS system to resolve, but is a mere formality to exhaust the administrative remedies prior to filing the Eighth Amendment lawsuit for violation of his civil right to adequate medical care and there is simply no remedy per the ICRS.
>
> This Examiner notes [the plaintiff] reports a date of incident as 4/4/18. This date was signed and dated 4/10/23, returned to the inmate 4/11/23 and resubmitted on 4/24/23. DOC 310.07(2) states that an inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause. The inmate makes no claims for acceptance of this untimely filed complaint for good cause. Further, he offers no evidence, nor is there any other proof that would show how this inmate was denied the use of or inhibited in any way from using the ICRS since the date of occurrence. The complaint is rejected as it fails to adhere to the stated filing requirement.

Dkt. No. 67-2 at 2.

The plaintiff did not submit any other inmate complaints potentially relevant to the claims in this case. Dkt. No. 66 at ¶¶18, 22.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Analysis

The State Defendants contend that the court must dismiss the plaintiff's Eighth Amendment claim against Vanderwaal and Schroeder because the plaintiff did not file an inmate complaint about that claim. Dkt. No. 65 at 10. They contend that the court must dismiss the plaintiff's Eighth Amendment

claims against Dr. Kelley and McCreedy because he did not file any grievance about them, or his inmate complaint was rejected. Id. at 10-11.

The plaintiff responds that he timely filed all exhaustion documents and that he follows Department of Corrections (DOC) procedure as best as he is allowed to. Dkt. No. 86 at 8. The plaintiff asserts that the Inmate Complaint Review System has become useless for grieving matters about prison conditions. Id. He also states that inmate complaint forms often are unavailable, which forces incarcerated individuals to submit complaints beyond the fourteen-day limit. Id. The plaintiff asserts that "there is no way plaintiff could have anticipated the impact the actions or inactions of defendants Vander Waal [sic] and Schroeder could have had in the future, especially when plaintiff was experiencing severe cognitive disabilities from the increasing infection loads coursing through his veins at the time, rendering him significantly impaired." Id. at 8. The plaintiff states that he did not know that a follow-up appointment had been scheduled "until that fact was revealed via the fabricated documents that were filed in State Court." Id. The plaintiff says that the "bottom line concerning the issue of exhaustion is that plaintiff provided the court with a fair presentation of the claims, showing that the issues were brought to the defendants' attention while repeatedly requesting their help to correct the situation." Id. at 9.[2]

---

[2] The plaintiff filed a thirty-one-page response brief; in most of the brief, he argues that the defendants violated his rights under federal and state law. Dkt. No. 86. Because this decision addresses only the State Defendants' motion for summary judgment on exhaustion grounds, the court has not addressed the plaintiff's arguments regarding the merits of his claims. Although the plaintiff's

The State Defendants reply that the plaintiff cannot avail himself of an argument under the continuing violation doctrine for his claims against Vanderwaal and Schroeder. Dkt. No. 89 at 2-4. They also contend that the plaintiff's response materials do not defeat their motion on his claims against Kelley and McCreedy, and that the plaintiff does not dispute that he failed to exhaust his claims against Kelly and McCreedy. Id. at 4.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Because exhaustion is an affirmative defense, the defendants bear the burden

merits-based arguments contend that the defendants violated his rights under Wisconsin state law, the plaintiff is not proceeding on any state law claims in this case.

of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to incarcerated individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies that the Department of Corrections (DOC) has promulgated by rule. Wis. Admin. Code §DOC 310.05. The ICRS is available for incarcerated individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. Id. The ICE shall accept, return or reject a complaint. Wis. Admin. Code §DOC 310.10(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority's decision to the CCE. Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC.

Wis. Admin. Code §DOC 310.12(9). The Secretary affirms or dismisses the CCE's recommendation or returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

It is undisputed that the plaintiff submitted one inmate complaint, KMCI-2023-5872, in which he raised the issue of the institution failing to schedule and conduct a follow-up appointment after his medical procedure in April 2018. The plaintiff submitted this inmate complaint in April 2023, which was about five years after defendants Kelly and McCreedy allegedly failed to return him to Agnesian for the follow-up appointment. The ICE rejected complaint KMCI-2023-5872 as untimely because the plaintiff did not file it within fourteen days of the incident. Within ten days, an incarcerated individual may appeal a rejected complaint to the appropriate reviewing authority who shall review only the basis for the rejection of the complaint. Wis. Admin. Code §DOC 310.10(10). The plaintiff did not appeal the rejection of the inmate complaint. Dkt. No. 67-2 at 5; Dkt. No. 67-1.

The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). "[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement." Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (citing Pozo, 286 F.3d at 1025).

In his response, the plaintiff asserts that he didn't know that he had a follow-up appointment until he found out from his state court case that one had been scheduled. He appears to be arguing that he didn't submit his inmate complaint sooner because he didn't know that he had missed a follow-up appointment. There are several problems with this argument. First, the plaintiff's response brief is not sworn, which means that the court cannot consider it as an affidavit at the summary judgment stage. See Fed. R. Civ. P. 56(c); see also Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011) (incarcerated person was required to present evidence on prison's motion for summary judgment to support his contention that he had exhausted his available administrative remedies by filing grievance as soon as it was reasonably possible for him to do so). In addition, the plaintiff did not include this information in his inmate complaint so that the ICE could consider whether to extend the time for him to submit an inmate complaint under Wis. Admin. Code §DOC 310.07(2). Finally, the plaintiff did not appeal the rejection of his inmate complaint to the appropriate reviewing authority as required under Wis. Admin. Code §DOC 310.10(10). The plaintiff has not exhausted his Eighth Amendment claim based on allegations that Kelley and McCreedy failed to ensure that he returned to Agnesian for his follow-up appointment.

That leaves the plaintiff's claims that Vanderwaal and Schroeder ignored his requests to visit the HSU despite witnessing him struggle to walk, and that Kelley (along with Carberry and Weis, who are represented by separate counsel and have not moved for summary judgment on exhaustion grounds), fabricated

documents to cover up the failure to return him to Agnesian Hospital. It is undisputed that the plaintiff did not file any inmate complaint related to these claims. The plaintiff contends that he couldn't have anticipated the consequences of Vanderwaal and Schroeder's actions, and he references an inability to submit an inmate complaint during the time the events occurred. But at some point (although it is not clear when), the plaintiff learned of the impact that Vanderwaal and Schroder's alleged actions had on him and became able to submit inmate complaints. Based on the plaintiff's Inmate Complaint History Report, he submitted thirteen inmate complaints from 2018 through 2023. Dkt. No. 67-1. It is undisputed that he did not submit any inmate complaint in which he raised issues related to his claim against Vanderwaal and Schroeder as well as his claim against Kelley for allegedly fabricating documents. The plaintiff did not exhaust his administrative remedies as to these claims. See Lockett v. Bonson, 937 F.3d 1016, 1027 (7th Cir. 2019) (inmate complaint must give institution opportunity to investigate and repair issue).

The plaintiff has failed to exhaust his administrative remedies as to his claims against the State Defendants. The court will grant the State Defendants' motion for summary judgment on exhaustion grounds. The court will set deadlines for the plaintiff and defendants Carberry and Weis to complete discovery and file motions for summary judgment on the merits of the plaintiff's remaining claim that Carberry and Weis allegedly fabricated evidence to cover up the missed follow-up appointment.

## III. Conclusion

The court **GRANTS** the State Defendants' motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 64. The court **DISMISSES** defendants Kelley, McCreedy, Vander Wall and Schroeder.

The court **ORDERS** that the deadline for the parties to complete discovery is **Friday, February 19, 2027**, and the deadline for the parties to file motions for summary judgment on the merits is **Friday, March 19, 2027**.

Dated in Milwaukee, Wisconsin this 19th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**